IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIIE BOLDS, | ) | 1:12-cv-01754 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO FILE AN AMENDED |
| v. | ) | COMPLAINT |
| | ) | |
| | ) | AMENDED COMPLAINT DUE |
| J. CAVAZOS, et al., | ) | IN THIRTY DAYS |
| | ) | |
| Defendants. | ) | |

**Screening Order**

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against correctional officials employed at Corcoran State Prison. Plaintiff names the following individual defendants: Warden J. Cavazos; Associate Warden F. Field; Sergeant J. Gonzales; Appeals Examiner R. Davis; J. Lozano, Chief of Inmate Appeals.

Plaintiff's claims stem from the confiscation and disposal of Plaintiff's television. Plaintiff alleges that on February 10, 2012, "prison officials used a well established state procedure to confiscate and disposed of my television." Plaintiff alleges that he used the television for "religious tutoring" as well as an educational tool. Plaintiff alleges that the

television was disposed without the opportunity for Plaintiff to send it to an outside source to have it repaired.   Plaintiff claims that this conduct violated his First Amendment and Fourteenth Amendment rights.

### First Amendment

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I.  Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).  "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).  "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief   that is central to religious doctrine.'"  Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Here, Plaintiff fails to allege any facts suggesting that his ability to exercise his religious beliefs were substantially burdened.  That Plaintiff's ability to receive religious programming through television has been denied him does not, of itself, constitute a substantial burden.  Plaintiff fails to allege any facts suggesting that any of the Defendants are preventing him for exercising his religious beliefs by denying him access to other opportunities.   Although

prisoners are protected in their exercise of religious belief, there is no constitutionally guaranteed right to religious programming. There are no facts alleged indicating that Defendants are preventing him access to chaplains or religious services. Plaintiff's First Amendment claim must therefore be dismissed.

**Education**

Plaintiff claims that the deprivation of his television deprives him of the opportunity to engage in educational activities. There is no constitutional right to education or rehabilitation in prison. Rhodes v. Chapman, 452 U.S. 337, 348 (1981)(deprivation of rehabilitation and educational programs does not violate Eighth Amendment); Wishon v. Gammon, 978 F. 2d 446, 450 (8th Cir. 1992)("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."); Beck v. Lynaugh, 842 F.2d 757, 762 (5th Cir. 1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners."); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985)(no right to vocational course for rehabilitation); Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 846 (9th Cir. 1985)(general limitation of jobs and educational opportunities is not considered punishment); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982)("there is no constitutional right to rehabilitation"); Newman v. Alabama, 559 F.2d 283, 291 (5th Cir. 1977)(state has no obligation to provide prisoners with educational programs). Plaintiff has therefore failed to state a claim for relief regarding any claim for the denial of educational programming.

**Property**

Neither a negligent nor intentional authorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Whether the

cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. <u>Hudson</u>, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim.

Because Plaintiff has failed to allege facts sufficient to state a claim for relief, the complaint must be dismissed. Regarding Plaintiff's claims of property deprivation and denial of educational programming, the Court finds that those claims must be dismissed without leave to amend, as Plaintiff could not cure the deficiencies by further amendment. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Regarding Plaintiff's First Amendment claim, the Court will grant Plaintiff one opportunity to file an amended complaint that cures the identified deficiencies. If Plaintiff fails to do so, the Court will dismiss this action for Plaintiff's failure to state a claim upon which relief may be granted.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.     **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this

order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's claims regarding property damage and denial of educational programming are dismissed without leave to amend.
2. Plaintiff's First Amendment claim is dismissed without prejudice, with leave to amend.
3. The Clerk's Office shall send to Plaintiff a complaint form;
4. Within thirty days of the date of service of this order, Plaintiff shall file an amended complaint.

5. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

6. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **March 20, 2013**               **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE