# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDS, | 1:12-cv-01754-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE SERVICE AND MOTION FOR LEAVE TO CORRESPOND WITH FELLOW INMATE |
| vs. | (Doc. 6.) |
| J. CAVAZOS, et al., | |
| Defendants. | |

## I.    BACKGROUND

Willie Bolds ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983.   Plaintiff filed the Complaint commencing this action on October 29, 2012.  (Doc. 1.)  On November 7, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.)

On February 25, 2013, Plaintiff filed a motion for the court to expedite service in this action.  (Doc. 6.)  Plaintiff also requests leave of court to correspond with a fellow inmate who is assisting him with litigation, in the event Plaintiff is transferred to another prison.  (Id.)

## II.    MOTION FOR EXPEDITED SERVICE

The court is required by law to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, such as the

instant action brought pursuant to 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1),(2).

With respect to service, the court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.  In this action, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and issued an order on March 21, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 8.) On April 24, 2013, Plaintiff filed the First Amended Complaint, which now awaits the Court's requisite screening.  (Doc. 9.)  Therefore, at this stage of the proceedings, it is not time for service in this action.

Plaintiff has not shown good cause for the court to expedite service or to expedite the screening of his First Amended Complaint.  Plaintiff asserts that "time is of the essence" in his case, and delays will cause memories to fade and may cause evidence and documents to be lost. Motion, Doc. 6 at 1.  Plaintiff's case is not unusual, and this argument could be made for any of the thousands of civil cases now pending before the Court.   Plaintiff's First Amended Complaint shall be screened, and service shall be initiated in this action as soon as possible according to the Court's schedule.  Therefore, Plaintiff's motion for expedited service shall be denied.

## III.     MOTION FOR LEAVE TO CORRESPOND WITH FELLOW INMATE

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2010).  Further, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and lacks authority in this instance to order that Plaintiff be allowed to correspond with a fellow inmate at another correctional institution.  E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church

2

and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff requests leave of court to continue to correspond with a fellow inmate who is assisting him with the litigation of this case, in the event that Plaintiff is transferred to another prison facility. As discussed above, the Court does not have jurisdiction to issue the order Plaintiff seeks. Therefore, Plaintiff's request shall be denied. Plaintiff is advised to make a request to prison officials for written authorization to continue his correspondence.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for expedited service is DENIED; and

2.      Plaintiff's motion for leave of court to correspond with fellow inmate is DENIED.

IT IS SO ORDERED.

Dated:   **May 14, 2013**                           **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

3