UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDS,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. CAVAZOS, et al.,<br><br>          Defendants. | 1:12-cv-01754-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983<br>(Doc. 9.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE STRIKES" PROVISION OF 28 U.S.C. § 1915(g)<br><br>ORDER DIRECTING CLERK TO CLOSE CASE |

**I.     BACKGROUND**

Willie Bolds ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 29, 2012. (Doc. 1.)

On November 7, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on March 21, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 8.) On April 24, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 9.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at California State Prison-Lancaster in Lancaster, California. The events at issue in the First Amended Complaint allegedly occurred at Corcoran

2

State Prison in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as defendants J. Cavazos (Chief Deputy Warden), F. Field III (Associate Warden), Sergeant J. Gonzales, R. Davis (Appeals Examiner), and J. D. Lozano (Chief of Inmate Appeals). Plaintiff's factual allegations follow.

On February 10, 2012, under the supervision of Sergeant J. Gonzales, prison officials used a well-established state procedure to unreasonably seize and dispose of Plaintiff's television set. Plaintiff was using the television set in the practice of his sincere Christian religious beliefs, and loss of the television set "substantially burden[s]" Plaintiff. (ACP, Doc. 9 at 3 ¶IV.)

On February 15, 2012, Plaintiff filed an inmate grievance, and on March 15, 2012, he received a First Level response by Sgt. J. Gonzales. By his response, Sgt. J. Gonzales improperly participated in two capacities in the same event being appealed, as the supervisor of the event being grieved, and as the reviewer. Plaintiff alleges that by these actions, Sgt. J. Gonzales violated Plaintiff's rights under the First and Fourth Amendments.

Defendants F. Field III (Associate Warden), J. Cavazos (Chief Deputy Warden), R. Davis (Appeals Examiner), and J. D. Lozano (Chief of Inmate Appeals) subsequently reviewed Plaintiff's appeal at the First, Second, and Third Levels of review and failed to address the fact that Sgt. J. Gonzales improperly participated in the appeal in two capacities. Plaintiff alleges that by their omission, these defendants also violated Plaintiff's rights under the First and Fourth Amendments.

Plaintiff requests monetary damages as relief.

**IV.   PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

///

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

### A. **Deprivation of Personal Property**

### *Due Process Claim*

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of an interest for which the protection is sought.

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the

procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that Sgt. J. Gonzales improperly confiscated his personal property, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law. Therefore, Plaintiff fails to state a claim for violation of due process for deprivation of property.

*Fourth Amendment Claim*

Plaintiff's Fourth Amendment claim fails as a matter of law because Plaintiff does not have a right to be free from the search and seizure of his personal property. Hudson, 468 U.S. at 536; Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) ("Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. Hudson, supra, 468 U.S. at 524, 104 S.Ct. at 3199; Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). An inmate's fourth amendment rights are among the rights subject to

5

1  curtailment.  In particular, the fourth amendment does not protect an inmate from the seizure
2  and destruction of his property.  Hudson, supra, 468 U.S. at 528 n. 8, 104 S.Ct. at 2808 n. 8.")

3  **B. <u>Religious Rights Claim</u>**

4  ***<u>First Amendment – Free Exercise Claim</u>***

5  "Inmates . . . retain protections afforded by the First Amendment, including its directive
6  that no law shall prohibit the free exercise of religion." <u>O'Lone v. Estate of Shabazz</u>, 482 U.S.
7  342, 348 (1987) (internal quotations and citations omitted).  The protections of the Free
8  Exercise Clause are triggered when prison officials substantially burden the practice of an
9  inmate's religion by preventing him from engaging in conduct which he sincerely believes is
10 consistent with his faith.  <u>Shakur v. Schriro</u>, 514 F.3d 878, 884-85 (9th Cir. 2008); <u>Freeman v.
11 Arpaio</u>, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by <u>Shakur</u>, 514 F.3d at 884-85.
12 Plaintiff is entitled to a *reasonable* opportunity to practice his religion.  <u>Cruz v. Beto</u>, 405 U.S.
13 319, 322 (1972).  The Constitution does not require prison officials to immediately accede to
14 every request for accommodation that happens to be based in religion.  "'Lawful incarceration
15 brings about the necessary withdrawal or limitation of many privileges and rights, a retraction
16 justified by the considerations underlying our penal system.'"  <u>Id.</u> (quoting <u>Price v. Johnson</u>,
17 334 U.S. 266, 285 (1948)).  "In order to establish a free exercise violation, [a prisoner] must
18 show the defendants burdened the practice of his religion, by preventing him from engaging in
19 conduct mandated by his faith, without any justification reasonably related to legitimate
20 penological interests."  <u>Freeman</u>, 125 F.3d at 736.  "In order to reach the level of a
21 constitutional violation, the interference with one's practice of religion 'must be more than an
22 inconvenience; the burden must be substantial and an interference with a tenet or belief that is
23 central to religious doctrine.'"  <u>Id.</u> at 737 (quoting <u>Graham v. C.I.R.</u>, 822 F.2d 844, 851 (9th Cir.
24 1987)).

25 Here, Plaintiff fails to allege facts suggesting that his ability to exercise his religious
26 beliefs was substantially burdened. "Threadbare recitals of the elements of a cause of action,
27 supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678.  That
28 Plaintiff's ability to receive religious programming through television has been denied him

does not, of itself, constitute a substantial burden. Plaintiff fails to allege any facts suggesting that any of the Defendants are preventing him from exercising his religious beliefs by denying him access to other opportunities, such as access to chaplains or religious services. Although prisoners are protected in their religious belief, there is no constitutionally guaranteed right to religious programming or other uses of television in the practice of religion. Therefore, Plaintiff fails to state a claim for violation of his rights to freely exercise religion under the First Amendment.

### *RLUIPA Claim*

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. To state a RLUIPA claim, a plaintiff must allege facts demonstrating that a defendant substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

Here, Plaintiff alleges that Sgt. J. Gonzales confiscated his television set, which Plaintiff was using in the practice of his Christian religion. As discussed above, Plaintiff has not alleged facts showing that the deprivation of the television set substantially burdened his ability to practice his religion. Therefore, the court finds that Plaintiff fails to state a claim for relief under RLUIPA.

///

### C.      **Inmate Appeals Process**

Plaintiff alleges that Defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any defendant. In this action, the court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without alleging facts against any defendant which state a claim under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: **January 9, 2014**             **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE