# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDS,<br><br>   Plaintiff,<br><br>   v.<br><br>J. CAVAZOS, et al.,<br><br>   Defendants. | Case No. 1:12-cv-01754-BAM-PC<br><br>ORDER DISMISSING THE SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Lancaster, brings this civil rights action against correctional officials employed by the CDCR at CSP Corcoran. Plaintiff's claims stem from the confiscation and disposal of Plaintiff's television. Plaintiff alleges that on February 10, 2012, prison officials confiscated and disposed of his television pursuant to an established state procedure. Plaintiff alleges that he used the television for religious purposes as well as for educational purposes. Plaintiff alleges that the television was disposed of without affording Plaintiff the opportunity to send it to an outside source to have it repaired.

This action proceeds on the July 16, 2015, second amended complaint. The original complaint was filed in this action on October 29, 2012. On March 21, 2013, an order was entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint. (ECF No 8.) Plaintiff filed a first amended complaint, and on January 10, 2014, an order was

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on November 7, 2012. (ECF No. 5.)

1

1  entered, finding that the first amended complaint failed to state any claims for relief and
2  dismissing this action for failure to state a claim upon which relief could be granted. (ECF No.
3  11.) Plaintiff filed a Notice of Appeal, and on March 20, 2015, this action was affirmed in part,
4  vacated in part, and remanded.  The Ninth Circuit affirmed the dismissal of Plaintiff's free
5  exercise, unreasonable search, due process (related to the grievance process), and unauthorized
6  deprivation of property claims.  The Ninth Circuit ruled that Plaintiff's due process claim
7  alleging an authorized deprivation of property was properly dismissed.  However, dismissal
8  without leave to amend was improper because it was not clear that Plaintiff could not cure the
9  defect through amendment.  The Court granted Plaintiff leave to amend, and on July 16, 2015,
10 Plaintiff filed the second amended complaint that is now before the Court.  The sole claim that
11 remains is Plaintiff's due process claim regarding deprivation of his property pursuant to an
12 authorized procedure.

13         An authorized, intentional deprivation of property is actionable under the Due Process
14 Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984); Quick v. Jones, 754 F.2d 1521,
15 1524 (9th Cir. 1985).  An authorized deprivation is one carried out pursuant to established state
16 procedures, regulations, or statutes.  Logan v. Zimmerman Brush Co., 455 U.S. at 422, 436
17 ((1982); Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  Authorized
18 deprivations are permissible if carried out pursuant to a regulation that is reasonably related to a
19 legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987).  The Due Process
20 Clause is violated only when the agency "prescribes and enforces forfeitures of property without
21 underlying statutory authority and competent procedural protections."  Nevada Dept. of
22 Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011)(citing Vance v. Barrett, 345 F.3d
23 1083, 1090 (9th Cir. 2003)(internal quotations omitted), cert. denied, 538 U.S. 976 (2012).

24         Plaintiff alleges that Defendants improperly disposed of his television without giving him
25 the opportunity to have it repaired.  In the original complaint and first amended complaint,
26 Plaintiff alleges that this was done pursuant to "well established" state procedure.  Plaintiff's
27 central claim, however, restated in the second amended complaint, is that the grievance process
28 was flawed. Plaintiff alleges that Sergeant Gonzales was responsible for disposing of Plaintiff's

television pursuant to an authorized procedure.  Plaintiff alleges that Sergeant Gonzales also participated in the grievance process, denying Plaintiff's grievance at the first level of review. Chief Deputy Warden Cavazos denied Plaintiff's grievance at the second level of review. Plaintiff alleges that Chief Deputy Warden Cavazos "failed to address the fact that Sergeant J. Gonzales had functioned in two capacities in the same event being appealed." (First. Am. Compl. at 5:14.) Plaintiff makes a similar allegation as to Appeals Examiner Davis, who denied Plaintiff's grievance at the third level.  It appears that Plaintiff is complaining about the role Sergeant Gonzales played in the incident rather than the taking of the television set.

As noted above, so long as correctional officials comply with underlying statutory authority and competent procedural protections, due process is satisfied.  Plaintiff appears to claim that because Sergeant Gonzales denied Plaintiff's grievance at the first level of review, competent procedural protections were not complied with.  Plaintiff fails to distinguish between the due process required for property deprivation and his due process interest in the grievance process. As noted in the dismissal order of January 10, 2014, Plaintiff does not have a specific right to a grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003.)  Any claim related to the inmate grievance process is not before the Court.

Plaintiff does not allege that the underlying state procedure is not reasonably related to a legitimate penological interest.  Plaintiff fails to identify the statutory authority for the procedure at issue. Title 15 of the California Code of Regulations, section 3190, governs what property is allowable.  Section 3191 governs disposal of personal property.  Specifically, section 3191(c) sets forth five options that an inmate has to dispose of property prohibited under section 3190. There are no facts alleged from which the Court can discern whether or what process Plaintiff is challenging.

The remaining issue before the Court is the taking of Plaintiff's personal property, and the process associated with that taking.  Regarding the taking of Plaintiff's personal property, the fundamental requirements of procedural due process are notice and an opportunity to be heard before the government may deprive a person of a protected interest.  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985).  The Ninth Circuit's decision in Nev. Dep't. of

1  Corrections v. Greene, 648 F.3d 1014 (9th Cir. 2011) is on point.  In Greene, the Nevada
2  Department of Corrections changed its policy, creating a ban on inmate possession of
3  typewriters. Id. at 1017.  The ban was system-wide, and all inmates were notified of the new
4  policy.  Id.  Even though the plaintiff inmate in Greene was not given an individual pre-
5  deprivation hearing, the Ninth Circuit found that his due process rights were not violated because
6  he had been notified of the ban and given ample time to comply with it.  "With respect to the
7  personal property of prisoners, that is all the process that is due." See Id. at 1019; see also Wolff
8  v. McDonnell, 418 U.S. 5439, 556 (1974)("[T]he fact that prisoners retain rights under the Due
9  Process Clause in no way implies that these rights are not subject to restrictions imposed by the
10 nature of the regime to which they have been lawfully committed.")

11        Plaintiff has not alleged any facts that support a claim that the underlying statutory
12 authority for the deprivation of his property was not reasonably related to a legitimate
13 penological purpose or that he did not have any notice of the underlying statutory authority.  In
14 the second amended complaint, Plaintiff merely alleges that he was not provided with any type
15 of hearing before his television was disposed of.  Therefore, Plaintiff does not state a claim for
16 relief on his remaining claim of authorized deprivation of personal property.  There are not
17 enough facts alleged in the second amended complaint from which the Court can determine
18 whether Plaintiff plausibly was deprived of due process.  The Court will dismiss this claim with
19 leave to file a third amended complaint.  Plaintiff must allege facts indicating what, exactly,
20 happened. Plaintiff must allege why correctional officials took his television, i.e., whether was it
21 inoperable, or unauthorized, and what specific process was used.  Plaintiff refers to a "well
22 established state procedure," but does not identify that procedure.  Plaintiff must specifically
23 identify the statute, regulation, or prison policy that correctional officials used to take his
24 property.  A bare allegation that property was taken pursuant to established procedure without
25 notice or a hearing, is insufficient to state a claim for relief.  The second amended complaint
26 must therefore be dismissed.   Plaintiff will, however, be granted leave to file a third amended
27 complaint.
28        Plaintiff's third amended complaint should be confined to the taking of his property and

1  associated procedure. The third amended complaint should be brief, Fed. R. Civ. P. 8(a), but
2  must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other
3  federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and
4  focus on the duties and responsibilities of each individual defendant whose acts or omissions are
5  alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th
6  Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
7  right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

8  Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,
9  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),
10 and must be "complete in and of itself without reference to the prior or superseded pleading,"
11 Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in
12 an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers
13 Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

14 Based on the foregoing, it is HEREBY ORDERED that:

15 1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

16 2. Plaintiff's second amended complaint, filed July 16, 2015, is dismissed for failure
17    to state a claim;

18 3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
19    A third amended complaint; and

20 4. If Plaintiff fails to file a third amended complaint in compliance with this order,
21    the Court will dismiss this action, with prejudice, for failure to obey a court order
22    and failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 8, 2016**                /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE

5