**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. CAVAZOS, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01754-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Pending before the Court is Plaintiff's February 1, 2016, third amended complaint, filed in response to the January 8, 2016, order dismissing the second amended complaint with leave to file an amended complaint. (ECF No. 26.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on November 7, 2012. (ECF No. 5.)

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a Plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.   Procedural History

The original complaint was filed in this action on October 29, 2012. Plaintiff alleged that Defendants improperly confiscated and disposed of his television.  On March 21, 2013, an order was entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint. (ECF No 8.)  On April 24, 2013, Plaintiff filed a first amended complaint.  (ECF No. 9.) Plaintiff set forth claims of free exercise of his religious beliefs under the First Amendment, unreasonable search in violation of the Fourth Amendment, due process (related to the grievance process), and unauthorized deprivation of property claims.   On January 10, 2014, an order was entered, finding that the first amended complaint failed to state any claims for relief.  This action was dismissed for failure to state a claim upon which relief could be granted. (ECF No. 11.) Plaintiff filed a Notice of Appeal, and on March 20, 2015, this action was affirmed in part,

vacated in part, and remanded. On July 7, 2015, the formal mandate from the Ninth Circuit was entered in this case. (ECF No. 22.) The Ninth Circuit affirmed the dismissal of Plaintiff's free exercise, unreasonable search, due process (related to the grievance process), and unauthorized deprivation of property claims. The Ninth Circuit ruled that Plaintiff's due process claim alleging an authorized deprivation of property was properly dismissed. However, dismissal without leave to amend was improper because it was not clear that Plaintiff could not cure the defect through amendment. The Court granted Plaintiff leave to amend, and on July 16, 2015, Plaintiff filed a second amended complaint. (ECF No. 23.) On January 8, 2016, an order was entered, dismissing the second amended complaint and granting Plaintiff leave to file a third amended complaint. (ECF No. 26.) On February 2, 2016, Plaintiff filed the third amended complaint that is now before the Court.

### III.     Plaintiff's Allegations

In the third amended complaint, Plaintiff alleges that on February 10, 2012, during a mass cell search, Plaintiff's television "was disposed of by prison staff that were supervised by Sergeant J. Gonzales." (Am. Compl. p. 3.) Plaintiff alleges that his television was disposed of pursuant to Title 15, Section 3190 of the California Code of Regulations, which defines property that is allowable. Section 3191 provides for disposal of property that is not allowable under section 3190. Plaintiff alleges that his property was operational and functional with a button that was broken. Plaintiff alleges that he did not receive a written notice in violation of tit. 15, § 3287. Section 3287(a)(4) provides that inmates are to be given written notice for any items of personal and state-owned property removed from their cell.

Plaintiff alleges that prison staff "cited no justifiable legitimate penological interest as a reason for the authorized deprivation and disposal of my television." (Id. p. 4.) Plaintiff refers the Court to the cell search/property receipt attached to Plaintiff's complaint.[2] Plaintiff alleges that "where at the question is asked 'reason removed' prison staff left it blank, and se 'dispositional comments' it is also blank." (Id.) Attached to Plaintiff's complaint is a copy of a

---

[2] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

3

Facility 3A cell search/property removed receipt dated February 10, 2012, for Plaintiff's cell. Although the sections titled "reason removed" and "disposition/comments" were left blank, in the section of the receipt that lists the specific items of property indicates under item number 4, "Broken TV – Taken."

### IV.  Discussion

In the January 8, 2016, order, the Court noted that an authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 422, 436 ((1982); Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  Authorized deprivations are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).  The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011)(citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)(internal quotations omitted), cert. denied, 538 U.S. 976 (2012).

The remaining issue before the Court is the taking of Plaintiff's personal property, and the process associated with that taking.  In the January 8, 2016, order, Plaintiff was advised that so long as correctional officials complied with underlying statutory authority and competent procedural protections, due process was satisfied.  Any claim related to the inmate grievance process was not before the Court.  Regarding the taking of Plaintiff's personal property, the fundamental requirements of procedural due process are notice and an opportunity to be heard before the government may deprive a person of a protected interest. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985).  The Ninth Circuit's decision in Greene is on point.  In Greene, the Nevada Department of Corrections changed its policy, creating a ban on inmate possession of typewriters. 648 F.3d at 1017.  The ban was system-wide, and all inmates were notified of the new policy. Id.  Even though the plaintiff inmate in Greene was not given an

1  individual pre-deprivation hearing, the Ninth Circuit found that his due process rights were not
2  violated because he had been notified of the ban and given ample time to comply with it.  "With
3  respect to the personal property of prisoners, that is all the process that is due." See Id. at 1019;
4  see also Wolff v. McDonnell, 418 U.S. 5439, 556 (1974)("[T]he fact that prisoners retain rights
5  under the Due Process Clause in no way implies that these rights are not subject to restrictions
6  imposed by the nature of the regime to which they have been lawfully committed.")

7        In the order dismissing the second amended complaint, Plaintiff was advised that he had
8  not alleged any facts that support a claim that the underlying statutory authority for the
9  deprivation of his property was not reasonably related to a legitimate penological purpose or that
10 he did not have any notice of the underlying statutory authority. In the second amended
11 complaint, Plaintiff alleged that he was not provided with any type of hearing before his
12 television was disposed of.  Therefore, Plaintiff did not state a claim for relief on his remaining
13 claim of authorized deprivation of personal property.  There were not enough facts alleged in the
14 second amended complaint from which the Court could determine whether Plaintiff was
15 deprived of due process.  The Court therefore dismissed that claim with leave to file a third
16 amended complaint.  Plaintiff was directed to allege facts indicating what, exactly, happened.
17 Plaintiff was told to allege why correctional officials took his television, i.e., whether was it
18 inoperable, or unauthorized, and what specific process was used.  Plaintiff referred to a "well
19 established state procedure," but did not identify that procedure.  Plaintiff was specifically
20 directed to identify the statute, regulation, or prison policy that correctional officials used to take
21 his property.  A bare allegation that property was taken pursuant to established procedure
22 without notice or a hearing, is insufficient to state a claim for relief.

23      The facts of the third amended complaint indicate that Plaintiff was deprived of his
24 television pursuant to regulation, and he was provided with notice of the reason for the
25 deprivation. Plaintiff refers to Title 15 of the California Code of Regulations, section 3287.
26 Section 3287(a)(4) provides that an inmate must be given written notice for any items of
27 personal property removed from his cell and the disposition of such property.  The fact that the
28 notice was brief, "Broken TV – Taken," does not subject officials to liability under the Due

Process Clause. As noted in Greene, Plaintiff, here, was aware of the regulation and given an opportunity to comply with it. That is all the process that is due. Greene, 648 F.3d at 1017. "[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff alleges that his television had a broken knob, and should have been allowed to send it to be repaired. Correctional officials took Plaintiff's television because it was broken, and they notified him of the reason the television was taken. Plaintiff was not, therefore, deprived of due process. Further, Plaintiff alleges no facts indicating that the regulations at issue are not reasonably related to a legitimate state purpose. Plaintiff therefore fails to state a claim for relief on his claim of a violation of the Due Process Clause. The balance of the third amended complaint restates the allegations of the second amended complaint regarding the participation of Defendants in the inmate grievance process. As noted, the Ninth Circuit affirmed the dismissal of Plaintiff's due process claim related to the grievance process.

## V. **Conclusion and Order**

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint fails to correct the deficiencies identified in the order dismissing the second amended complaint. Based upon the allegations in Plaintiff's original complaint, first amended complaint, second amended complaint and third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of the Due Process Clause and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted; and
2. This action count as a strike pursuant to 28 U.S.C. § 1915(g).
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: **March 17, 2016**              /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE