# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. CAVAZOS, et. al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-01754-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS<br><br>(ECF NO. 30) |

Plaintiff Willie Bolds is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's objections, which the Court construes as a motion for reconsideration and a request for relief under Rule 60 of the March 18, 2016, order dismissing the complaint for failure to state a claim upon which relief could be granted.

**I.	Procedural History**

This action proceeds on the February 1, 2016, third amended complaint. On March 18, 2016, an order was entered, dismissing this action for failure to state a claim upon which relief could be granted. (ECF No. 30.) On April 4, 2016, Plaintiff filed a Notice of Appeal of the March 18, 2016, order. On the same date, Plaintiff filed objections to the order dismissing this action for failure to state a claim. On April 13, 2016, an order was entered by the U.S. Court of Appeals for the Ninth Circuit, holding proceedings in that court in abeyance pending a ruling by

1

1  this Court whether Plaintiff's April 4, 2016, filing is a motion listed in Federal Rule of Appellate
2  Procedure 4(a)(4) and if so, this Court's resolution of the motion.  (ECF No. 34.)  Federal Rule
3  of Appellate Procedure 4(a)(4)(A)(vi) provides for relief under Federal Rule of Civil Procedure
4  60 if the motion is filed within 28 days after judgment is entered.

5  **II.    Legal Standard**

6  The Court construes Plaintiff's objections as alternatively, a motion for reconsideration
7  under Rule 230 of the Local Rules of the Eastern District of California and as motion for relief
8  from judgment pursuant to Federal Rule of Civil Procedure 60.

9  Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that
10  justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest
11  injustice and is to be utilized only where extraordinary circumstances  . . . . exist."  Harvest v.
12  Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks omitted).  The moving party
13  must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation
14  marks and citations omitted).

15  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what
16  new or different facts or circumstances are claimed to exist or were not shown upon such prior
17  motion, or what other grounds exist for the motion."  Local Rule 230(j) allows the Court to grant
18  relief based upon new or different facts or circumstances that are claimed to exist which did not
19  exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
20  upon a showing of why the facts or circumstances were not shown at the time of the prior
21  motion. "A motion for reconsideration should not be granted, absent highly unusual
22  circumstances, unless the district court is presented with newly discovered evidence, committed
23  clear error, or if there is an intervening change in controlling law."  Marlyn Nutraceuticals, Inc.,
24  v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and
25  citations omitted), and "[a] party seeking reconsideration must show more than a disagreement
26  with the court's decision, and recapitulation . . . of that which was already considered by the
27  court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 111, 1131 (E.D.
28  Cal. 2001).  To succeed, a party must set forth facts of law of such a strongly convincing nature

to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III.   Analysis**

    **A.  Screening of the Allegations in Plaintiff's Complaints**

The original complaint was filed in this action on October 29, 2012. Plaintiff alleged that Defendants improperly confiscated and disposed of his television. Plaintiff also set forth claims under the First Amendment, Fourth Amendment, and due process (related to the inmate grievance process). On March 21, 2013, an order was entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint. (ECF No 8.) On April 24, 2013, Plaintiff filed a first amended complaint. (ECF No. 9.) Plaintiff set forth claims of free exercise of his religious beliefs under the First Amendment, unreasonable search in violation of the Fourth Amendment, due process (related to the grievance process), and unauthorized deprivation of property claims. On January 10, 2014, an order was entered, finding that the first amended complaint failed to state any claims for relief. This action was dismissed for failure to state a claim upon which relief could be granted. (ECF No. 11.) Plaintiff filed a Notice of Appeal, and on March 20, 2015, this action was affirmed in part, vacated in part, and remanded. On July 7, 2015, the formal mandate from the Ninth Circuit was entered in this case. (ECF No. 22.) The Ninth Circuit affirmed the dismissal of Plaintiff's free exercise, unreasonable search, due process (related to the grievance process), and unauthorized deprivation of property claims. The Ninth Circuit ruled that Plaintiff's due process claim alleging an authorized deprivation of property was properly dismissed. However, dismissal without leave to amend was improper because it was not clear that Plaintiff could not cure the defect through amendment. The Court granted Plaintiff leave to amend, and on July 16, 2015, Plaintiff filed a second amended complaint. (ECF No. 23.) On January 8, 2016, an order was entered, dismissing the second amended complaint and granting Plaintiff leave to file a third amended complaint. (ECF No. 26.) On February 2, 2016, Plaintiff filed a third amended complaint. (ECF No. 27.)

In the third amended complaint, Plaintiff alleged that on February 10, 2012, during a

1  mass cell search, his television was disposed of by prison staff.  Plaintiff alleged that staff failed
2  to cite any legitimate penological justification for the authorized deprivation.  Plaintiff alleged
3  that his television was disposed of pursuant to Title 15, Section 3190 of the California Code of
4  Regulations, which defines property that is allowable.  Plaintiff alleged that he did not receive
5  written notice, which was mandated by Title 15, Section 3287(a)(4).  The Court noted that
6  Plaintiff attached to his third amended complaint a copy of a cell search/property receipt dated
7  February 10, 2012, indicating that Plaintiff's television was broken, and that it was removed.

   The Court noted that the Due Process Clause is violated only when the agency "prescribes and enforces forfeiture of property without underlying statutory authority and competent procedural protections."  Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003) (internal quotations omitted), cert. denied, 538 U.S. 976 (2012).  The third amended complaint was dismissed because although Plaintiff alleged that he should have been allowed to have his television repaired, the allegations of the third amended complaint indicated that correctional officials took Plaintiff's television pursuant to statutory authority, and provided Plaintiff with written notification of the reason for taking his property.   Pursuant to Greene, that was all the process that was due.  Plaintiff therefore failed to state a claim for relief.

   **B.  Due Process Satisfied**

   Plaintiff argues that the Court improperly applied Greene to his case, and re-states his allegation that due process required that officials provide Plaintiff with an opportunity to repair his television before taking it.  Plaintiff argues that the Court inaccurately analyzed Greene.

   Plaintiff's central argument appears to be that he disagrees with the interpretation of the regulations by prison officials.  Plaintiff contends that although his television was broken, it was operable.  As noted in the March 18, 2016, order dismissing this action, the facts alleged indicate that Plaintiff was afforded due process.  That Plaintiff believes Defendants did not comply with the regulations does not subject them to liability for a due process violation.  Plaintiff's property was taken pursuant to statute, and Plaintiff was provided with written notice of the reason it was taken.  Judgment was therefore proper.  Plaintiff's motion for judgment from relief should

therefore be denied on this ground.

Plaintiff has not met the high burden of coming forward with evidence of facts or cited authority of such a strongly convincing nature as to induce the Court to reverse the order dismissing this action for failure to state a claim upon which relief could be granted. Plaintiff is dissatisfied with the Court's decision and seeks to have it reverse its ruling. Plaintiff claimed in the third amended complaint that his property was taken in violation of the Due Process Clause. By whichever standard the Court reviews Plaintiff's objection, Rule 60(b)(6) or Local Rule 230, the facts of the third amended complaint indicate that Plaintiff's property was taken pursuant to statutory authority, and Plaintiff was provided with written notice of the reason his property was taken.  He position that he should have been afforded an opportunity to repair the television does not raise a Constitutional issue. The allegations of the third amended complaint indicate that Plaintiff was afforded due process.

**IV.     Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for relief from judgment filed on April 4, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **June 23, 2016**                    /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE