# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. CAVAZOS, et al.,<br><br>　　　　Defendants. | 1:12-cv-01754-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(ECF No. 27)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.　Introduction**

Plaintiff Willie Bolds is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The original complaint was filed in this action on October 29, 2012. Plaintiff alleged that Defendants improperly confiscated and disposed of his television. On November 7, 2012, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

On March 21, 2013, an order was entered, finding Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file an amended complaint. (ECF No 8.)

On April 24, 2013, Plaintiff filed a first amended complaint. (ECF No. 9.) Plaintiff set forth claims of free exercise of his religious beliefs under the First Amendment, unreasonable search in violation of the Fourth Amendment, due process (related to the grievance process), and unauthorized deprivation of property claims. On January 10, 2014, an order was entered, finding

1

that the first amended complaint also failed to state any claims for relief. This action was then dismissed for failure to state a claim upon which relief could be granted. (ECF No. 11.) Plaintiff appealed.

On March 20, 2015, this action was affirmed in part, vacated in part, and remanded. On July 7, 2015, the formal mandate from the Ninth Circuit was entered in this case. (ECF No. 22.) The Ninth Circuit affirmed the dismissal of Plaintiff's free exercise, unreasonable search, due process (related to the grievance process), and unauthorized deprivation of property claims. Although the Ninth Circuit also ruled that Plaintiff's due process claim alleging an authorized deprivation of property was properly dismissed, it found that dismissal without leave to amend that claim was improper, because it was not clear that Plaintiff could not cure the defect through amendment.

The Court then granted Plaintiff leave to amend his due process claim alleging an unauthorized deprivation of property. (ECF No. 18, 21.) On July 16, 2015, Plaintiff filed a second amended complaint. (ECF No. 23.)

On January 8, 2016, the Court found that the second amended complaint again failed to state a cognizable claim, but granted Plaintiff leave to file a third amended complaint. (ECF No. 26.) On February 2, 2016, Plaintiff filed a third amended complaint. (ECF No. 27.)

On March 17, 2016, the Court screened Plaintiff's third amended complaint, dismissed this action for the failure to state a cognizable claim, and directed the Clerk of the Court to close the case. (ECF No. 28.) On March 18, 2016, judgement was entered. (ECF No. 29.) On April 4, 2016, Plaintiff appealed. (ECF No.31.)

On April 21, 2017, the Ninth Circuit Court of Appeals issued a memorandum opinion affirming the judgment. (ECF No. 38.) Plaintiff filed a petition for rehearing, which was granted due to intervening authority in *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). (ECF No. 39.)

Following rehearing, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (ECF No. 40.) Specifically, the Ninth Circuit reviewed *de novo* whether the undersigned validly entered judgment on behalf of the district court. The Ninth Circuit found that because Plaintiff's action was dismissed before the named defendants had been served, and "all

parties, including unserved defendants, must consent to proceed before the magistrate judge for jurisdiction to vest, *Williams*, 875 F.3d at 503-04." (*Id*. at 2.) Therefore, the undersigned's March 17, 2016 order was vacated and remanded for further proceedings. The Ninth Circuit issued its mandate on February 8, 2018. (ECF No. 41.)

Based on the foregoing, Plaintiff's third amended complaint, filed on February 1, 2016, is currently before the Court for screening.

## II. <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

3

consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.** **Allegations**

In the third amended complaint, Plaintiff alleges that on February 10, 2012, during a mass cell search, Plaintiff's television "was disposed of by prison staff that were supervised by Sergeant J. Gonzales." (Third Am. Compl. 3.) Plaintiff's television was disposed of pursuant to Title 15, Section 3190 of the California Code of Regulations, which defines property that is allowable. Section 3191 provides for disposal of property that is not allowable under section 3190. Plaintiff's property was operational and functional with a button that was broken. He did not receive a written notice in violation of tit. 15, § 3287. Section 3287(a)(4) provides that inmates are to be given written notice for any items of personal and state-owned property removed from their cell.

Prison staff "cited no justifiable legitimate penological interest as a reason for the authorized deprivation and disposal of [Plaintiff's] television." (*Id*. p. 4.) The cell search/property receipt is attached to the third amended complaint and Plaintiff incorporates it by reference. Plaintiff notes that on the receipt "where at the question is asked 'reason removed' prison staff left it blank, and see 'dispositional comments' it is also blank." (*Id*.)

The Court has reviewed the Facility 3A cell search/property removed receipt dated February 10, 2012, for Plaintiff's cell. Although the sections titled "reason removed" and "disposition/comments" were left blank, the section of the receipt that lists the specific items of property indicates under item number 4, "Broken TV – Taken." (*Id*. at 9.)

**IV.** **Discussion**

An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co*., 455 U.S. at 422, 436 ((1982); *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations are permissible if carried out pursuant to a regulation that is reasonably related to a

4

legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003) (internal quotations omitted), *cert. denied*, 538 U.S. 976 (2012).

The remaining issue before the Court is the taking of Plaintiff's personal property, and the process associated with that taking. Plaintiff was previously advised that so long as correctional officials complied with underlying statutory authority and competent procedural protections, due process was satisfied. As noted above, any claim related to the inmate grievance process is not before the Court.

Regarding the taking of Plaintiff's personal property, the fundamental requirements of procedural due process are notice and an opportunity to be heard before the government may deprive a person of a protected interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). The Ninth Circuit's decision in *Greene* is on point. In *Greene*, the Nevada Department of Corrections changed its policy, creating a ban on inmate possession of typewriters. 648 F.3d at 1017. The ban was system-wide, and all inmates were notified of the new policy. *Id*. Even though the plaintiff inmate in *Greene* was not given an individual pre-deprivation hearing, the Ninth Circuit found that his due process rights were not violated because he had been notified of the ban and given ample time to comply with it. "With respect to the personal property of prisoners, that is all the process that is due." *See Id*. at 1019; *see also Wolff v. McDonnell*, 418 U.S. 5439, 556 (1974)("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed.")

In the order dismissing the second amended complaint, Plaintiff was advised that he had not alleged any facts that support a claim that the underlying statutory authority for the deprivation of his property was not reasonably related to a legitimate penological purpose or that he did not have any notice of the underlying statutory authority. In the second amended complaint, Plaintiff alleged that he was not provided with any type of hearing before his

television was disposed of. Therefore, Plaintiff did not state a claim for relief on his remaining claim of authorized deprivation of personal property. There were not enough facts alleged in the second amended complaint from which the Court could determine whether Plaintiff was deprived of due process. The Court therefore dismissed that claim with leave to file a third amended complaint. Plaintiff was directed to allege facts indicating what, exactly, happened. Plaintiff was told to allege why correctional officials took his television, *i.e.*, whether was it inoperable, or unauthorized, and what specific process was used. Plaintiff referred to a "well established state procedure," but did not identify that procedure. Plaintiff was specifically directed to identify the statute, regulation, or prison policy that correctional officials used to take his property. A bare allegation that property was taken pursuant to established procedure without notice or a hearing, is insufficient to state a claim for relief.

The facts of the third amended complaint indicate that Plaintiff was deprived of his television pursuant to regulation, and he was provided with notice of the reason for the deprivation. Plaintiff refers to Title 15 of the California Code of Regulations, section 3287. Section 3287(a)(4) provides that an inmate must be given written notice for any items of personal property removed from his cell and the disposition of such property. The fact that the notice was brief, "Broken TV – Taken," does not subject officials to liability under the Due Process Clause. As in *Greene*, Plaintiff in this case was aware of the regulation and given an opportunity to comply with it. That is all the process that is due. *Greene*, 648 F.3d at 1017.

"[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Plaintiff alleges that his television had a broken knob, and should have been allowed to send it to be repaired. Correctional officials took Plaintiff's television because it was broken, and they notified him of the reason the television was taken. Plaintiff was not, therefore, deprived of due process. Further, Plaintiff alleges no facts indicating that the regulations at issue are not reasonably related to a legitimate state purpose. Plaintiff therefore fails to state a claim for relief on his claim of a violation of the Due Process Clause. The balance of the third amended complaint restates the

6

allegations of the second amended complaint regarding the participation of Defendants in the inmate grievance process. As noted, the Ninth Circuit affirmed the dismissal of Plaintiff's due process claim related to the grievance process.

## V. **Conclusion and Recommendation**

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint fails to correct the deficiencies identified in the order dismissing the second amended complaint. Based upon the allegations in Plaintiff's original complaint, first amended complaint, second amended complaint and third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of the Due Process Clause and further amendment would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th. Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

7

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 9, 2018**         /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE